(Superior Court of Cincinnati, 1901.)

CARTER v. ENQUIRER. CO.

The qualifying provision in sec. 5099 R. S., extending the right to address interrogatories to corporations, that in such case the answer under oath shall be by the president, secretary or other officer thereof as the parties propounding shall require, does not limit the right to require answer only in cases where the opposite party designates an officer to answer. Answer may be addressed to the corporation itself where it is apparent that the information is in the possession of all the officers of the corporation.

---

DEMPSEY, J.

Defendant is a corporation, and demurs to certain interrogatories annexed to plaintiff's petition, because plaintiff does not designate by what officer of defendant company they shall be answered. After a somewhat extended examination of the section of the code providing for such interrogations, (5099), I am of opinion the demurrer ought to be denied.

The code as originally passed March 11 1853, made no provision for interrogatories. See section 105, 51 O. L., p. 74.) In 1857, this defect if defect it was, was cured by an amendment to section 105, which provided that such interrogatories might be annexed, by any party, whether plaintiff or defendant, "in all cases in which he would have the right to use the de-

position of an adverse party." (54 Ohio Laws, 23; S. & C., 982.)

This limitation on the right excluded as a necessary consequence the right to propound interrogatories to corporations because in the nature of things their depositions could not be taken, and could not be used against them .

To remedy this, the legislature amended the act in 1873, (70 O. L., 54), so as to extend the right as against corporations. The qualifying clause that "if such party is a corporation," the answer under oath shall be "by the president, secretary, or other officer thereof, as the party propounding requires," does not in my opinion limit the right to require answers only in cases where he opposite party designates an officer to answer.

The remedy for failure to answer provided for in section 5101 was a part of original section 105, and one of the penalties was by attachment against a contumacious party.

This remedy, of course, could not apply to the corporation itself, and, in order to make this remedy as effectual against corporations as individuals, an election or choice was given to the interrogating party to select any officer of the corporation whom he could require to make answer. Any other construction of this section would deprive a party, where the very nature of the case would show the information sought to be in the possession of the corporation from the chief down to answer the questions, and that would be so impracticable that it surely was not the intention of the legislature to enact such a rule. That it is entirely feasible and practicable to address interrogatories to the corporation itself and procure answers thereto is well sustained in the well considered cases of Blair v. Sioux City R. R., 73 N. W. 1053, and I. C. R. R. v. Sandford, 75 Miss, 862.

The demurrer is overruled.

Alex Murry, for Demurrer.

D. T. Wright, Jr., contra.